IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

_____

BoylstonD3 LLC

        Plaintiffs,

v.                                      CIVIL ACTION NO.

Boylston Brookline LLC

        Defendant

_____

## COMPLAINT

**NOW COMES** the Plaintiff, BoylstonD3 LLC, by the undersigned counsel, and complains of the Defendant as follows:

## SUMMARY

This action arises out of an underlying dispute over whether Plaintiff, a Minnesota LLC, can file suit against Defendant, a Massachusetts LLC, in Massachusetts state courts for the violation of.zoning bylaws of the Town of Brookline, Massachusetts. Defendant seeks to dismiss Plaintiff's claims based on a Massachusetts statute that denies corporate citizens of other states access to sue in Massachusetts courts unless the citizen of the other state registers with and pays a fee to the Massachusetts Secretary of State.

## THE PARTIES

1. Plaintiff BoylstonD3 LLC is a Limited Liability Company organized under the laws of Minnesota.
2. Defendant, Boylston Brookline LLC is a Limited Liability Company organized under the laws of Massachusetts with a principal place of business in Massachusetts.

## JURISDICTION AND VENUE

3. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and the laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts of rights, privileges, or immunities secured by the United States Constitution and by Acts of Congress, and 28 U.S.C. § 1367 .

4. Venue is appropriate under 28 U.S.C. § 1391, as the Defendant resides in the Commonwealth of Massachusetts, and the events giving rise to Plaintiffs' claims occurred in Massachusetts.

## FACTS

### *General Facts*

5. Plaintiff is a Citizen of the State of Minnesota.

6. Plaintiff represents the interests and actions of natural persons who are citizens of the United States, and citizens of Massachusetts.

7. Plaintiff is the partial owner of land in Brookline Massachusetts with addresses of 615 and 617 Boylston Street (hereinafter collectively referred to as "Plaintiff's Property").

8. Defendant is a Citizen of Massachusetts.

9. Defendant intends to build a townhome subdivision on plots of land known as 603, 605, and 619 Boylston Street in Brookline, Massachusetts. (Hereinafter the "Development Property").

10. Plaintiff's property abuts the Development Property.

11. Defendant's application for their development was denied by the Brookline Building Commissioner.

12. Subsequently, Defendant appealed to the Brookline Zoning Board of Appeals (Hereinafter the "ZBA") for a special permit.

13. On May 16, 2019 the ZBA issued a special permit approving Defendant's plan for the Development Property.

14. On May 31, 2019 Plaintiff timely filed a Petition for Judicial Review from the decision of the Brookline ZBA, pursuant to M. G.L. c. 40A § 17 seeking the ZBA decision be annulled as the granting of the special permit was arbitrary capricious and outside the authority granted to the ZBA, as the developer's plan violates multiple zoning by-law's including minimum setback requirements and maximum floor area ratio limitations. See Exhibit A.

15. On or about June 24, 2019 Defendant filed a Motion to Dismiss Plaintiff's Petition for Judicial Review pursuant to M. G.L. c. 156C § 54 alleging Plaintiff had not registered as a foreign LLC with the Massachusetts Secretary of State. See Exhibit B.

16. As a result of the actions of Defendant, Plaintiff has had to expend time and resources to amend its petition for judicial review, register with the Commonwealth of Massachusetts, and pay legal fees to defend against Plaintiff's Motion to Dismiss.

*Constitutional Provisions*

17. The Fourteenth Amendment provides: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

*Massachusetts Statutory Scheme*

18. M.G.L. c. 156C § 54(a) states that " no action shall be maintained or recovery had by the [unregistered] foreign limited liability company in any of the courts of the commonwealth as long as such failure continues."

19. M.G.L. c. 156C § 54(a) denies LLCs which are citizens of foreign states access to the Courts of Massachusetts unless they pay an annual fee to Massachusetts.

20. Massachusetts does not require its citizens, either natural persons or corporations, to pay any additional fees to access Massachusetts Courts.

21. Massachusetts does not require non-corporate citizens of other states to pay an annual fee to access Massachusetts Courts.

## COUNT I

The Massachusetts Statutory scheme abridges the privileges and immunities of citizens of the

United States in violation of the Fourteenth Amendment

22. PLAINTIFFS restate and re-allege each and every allegation in paragraphs ___ through ___ of this Complaint with the same force and effect as if fully set forth herein.
23. Requiring certain foreign citizens to register and pay an annual fee to the Commonwealth of Massachusetts in order to petition a Massachusetts Court limits the ability of those foreign citizens to avail themselves of the privilege of petitioning Massachusetts Courts.
24. Defendant seeks to enforce a state law that abridges the ability of foreign citizens to utilize the privilege of petitioning Massachusetts Courts.
25. Plaintiff is entitled to declaratory and injunctive relief to prevent Defendant from seeking to enforce M. G. L. c. 156C § 54(a).

## COUNT II

The Massachusetts statutory scheme violates the guarantees of

Due Process in violation of the Fourteenth Amendment

26. PLAINTIFFS restate and re-alleges each and every allegation in paragraphs ___ through ___ of this Complaint with the same force and effect as if fully set forth herein.
27. The requirement that certain foreign citizens register and pay an annual fee to the Commonwealth of Massachusetts in order to petition a Massachusetts Court prevents those foreign citizens from receiving due process of law.
28. Defendant seeks to enforce a Massachusetts state law that deprives certain foreign citizens of due process of law available to corporate foreign citizens and Massachusetts citizens.
29. Plaintiff is entitled to declaratory and injunctive relief to prevent Defendant from seeking to enforce M. G. L. c. 156C § 54(a).

## COUNT III

### The Massachusetts statutory scheme violates the guarantee of equal protection of the laws in violation of the Fourteenth Amendment

30. PLAINTIFFS restate and re-alleges each and every allegation in paragraphs ___ through ___ of this Complaint with the same force and effect as if fully set forth herein

31. M. G.L. c. 156C § 54(a) denies LLCs which are citizens of foreign states access to the Courts of Massachusetts unless they pay an annual fee to Massachusetts.

32. Massachusetts does not require its citizens, either corporate or natural person, to pay an annual fee to access Massachusetts Courts.

33. Massachusetts does not require non-corporate citizens of other states to pay an annual fee to access Massachusetts Courts.

34. M. G.L. c. 156C § 54(a) treats certain foreign citizens differently than Massachusetts citizens, and foreign non-corporate citizens.

35. Defendant seeks to enforce a law that treats certain foreign citizens differently than Massachusetts citizens and other foreign non-citizens.

36. Plaintiff is entitled to declaratory and injunctive relief.to prevent Defendant from seeking to enforce M. G.L. c. 156C § 54(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in their favor and against Defendant as follows:

1. Declaratory Judgment that G.L. c. 156C § 54(a) is unconstitutional;
2. Granting injunctive relief requiring the Land Court deny Defendant's Motion to Dismiss and allow Plaintiff's original complaint in Massachusetts Land Court Case 19MISC000269 to stand;
3. Awarding Plaintiff their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and
4. Such other relief as this court deems just.

Respectfully Submitted
BoylstonD3 LLC,
By their Attorney

/s/ Marc Osborne_____
Marc Osborne, Esq. BBO: 683300
Law Office of Marc Osborne, Esq.
PO Box 191
Boston, MA 02134
857-245-7466
osborne.marc.e@gmail.com