IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

BoylstonD3 LLC

    Plaintiffs,

v.                         CIVIL ACTION NO. 1:19-cv-11489-NMG

William F. Galvin, as
Massachusetts Secretary
of the Commonwealth

    Defendant

## AMENDED COMPLAINT

**NOW COMES** the Plaintiff, BoylstonD3 LLC, by the undersigned counsel, and complains of the Defendant as follows:

## SUMMARY

This action arises out of a regulatory scheme implemented by the Commonwealth of Massachusetts, preventing foreign LLC's from seeking redress of grievances within Massachusetts Courts unless they register with the Commonwealth and pay a fee.

## PARTIES

1. Plaintiff BoylstonD3 LLC is a Limited Liability Company organized under the laws of Minnesota, with a principal place of business in Massachusetts.
2. Defendant William F. Galvin is the Secretary of the Commonwealth of Massachusetts, whose office is charged with registering foreign LLCs and collecting registration fees from foreign LLCs

## JURISDICTION AND VENUE

3. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and the laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts of rights, privileges, or immunities secured by the Unites States Constitution and by Acts of Congress..

4. Venue is appropriate under 28 U.S.C. § 1391, as the Defendant is an officer of the Commonwealth of Massachusetts, and resides within Massachusetts, and the events giving rise to Plaintiffs' claims occurred in Massachusetts.

## FACTS

5. Plaintiff is a is a business organization organized under the laws of Minnesota

6. Plaintiff's members are citizens of Massachusetts, Maryland, and Florida.

7. LLCs take on the citizenship of their members

8. Plaintiff is a citizen of Massachusetts

9. Plaintiff is the partial owner of land in Brookline Massachusetts with an address of 615 and 617 Boylston Street (hereinafter collectively referred to as "Plaintiff's Property").

10. Boylston Brookline LLC, the original defendant in this action, is a developer seeking to build townhomes on property abutting Plaintiff's Property

11. Boylston Brookline LLC's application for development was denied by the Brookline Building Commissioner

12. Boylston Brookline LLC' sought and obtained a special permit from the Brookline Zoning Board of Appeals

13. On May 31, 2019 Plaintiff timely filed a Petition for Judicial Review of the decision of the Brookline Zoning Board of Appeals, pursuant to M.G.L. c. 40A § 17 seeking the ZBA decision to grant a special permit annulled as arbitrary capricious and outside the authority granted to the ZBA, as the developer's plan violates multiple zoning-by-law's including minimum setback requirements and maximum floor area ratio limitations. See Exhibit A to original complaint

14. On or about June 24, 2019 Boylston Brookline LLC filed a Motion to Dismiss Plaintiff's Petition for Judicial Review pursuant to M.G.L. c. 156C § 54 alleging Plaintiff had not

registered as a foreign LLC with the Massachusetts Secretary of State. See Exhibit B to original complaint

15. M.G.L. c. 156C § 54 forbids a foreign LLC from maintaining an action in a Massachusetts Court while it is not registered, and paid a fee, to the Massachusetts Secretary of the Commonwealth.
16. On or about June 25, 2019 Plaintiff registered with the Secretary of the Commonwealth as a foreign LLC doing business in Massachusetts.
17. As part of registration Plaintiff was required to, and did pay Five Hundred Dollars ($500.00) to the Secretary of the Commonwealth.
18. On or about September 11, 2019 Judge Rubin of the Massachusetts Land Court denied Boylston Brookline LLC's motion to dismiss based partially on Plaintiff registering with the Secretary of the Commonwealth.
19. Massachusetts does not require natural citizens to pay fees to the Secretary of the Commonwealth to access Massachusetts Courts
20. LLCs organized under the laws of Massachusetts are required to pay a fee to exist as an entity, but not to pay a separate fee to access Massachusetts Courts.
21. Foreign LLCs are allowed to defend suits in Massachusetts Courts without first paying a fee to the Secretary of the Commonwealth under M.G.L. c. 156C §54.
22. Foreign LLCs are required to comply with the fees to organize and exist in their home state, and required by M.G.L. c. 156C § 54 to pay an additional fee to Massachusetts to a initiate and maintain actions ins Massachusetts Courts.
23. The business activities and contracts of foreign LLCs are valid and enforceable in Massachusetts Courts even if the foreign LLC does not register and pay an annual fee to the Secretary of the Commonwealth.
24. Foreign citizens who are not LLCs are allowed to access Massachusetts Courts without paying a fee to the Secretary of the Commonwealth
25. As a result of Defendant Galvin's actions to enforce M.G.L. c. 156C § 54, and the enaction of M.G.L. c.156C § 54 by the Massachusetts Legislature Plaintiff has been required to expend resources to register as a foreign LLC in Massachusetts, and will be continually required to do so to retain its rights as a Citizen of the United States to redress grievances against the government and petition the court to protect its property.

## COUNT I

<u>The Masachusetts Statutory scheme abridges the privileges and immunities of citizens of the United States in violation of the Fourteenth Amendment</u>

26. PLAINTIFF restates an realleges each and every allegation in paragraphs 1-20 of this Complaint with the same force and effect as if fully set forth herein

27. Requiring certain foreign citizens to register and pay an annual fee to the Commonwealth of Massachusetts in order to petition a Massachusetts Court limits the ability of those foreign citizens to avial themselves of the privilege of petitioning

28. Defendant seeks to enforce a state law that abridges the ability of foreign citizens to utilize the privilege of petition Massachusetts Courts.

29. Plaintiff is entitled to declaratory and injunctive relief to prevent Defendant from enforcing an unconstitutional statute.

## COUNT II

The Massachusetts statutory scheme violates the guarantees
of Due Process in violation of the Fourteenth Amendment

30. PLAINTIFF restates and realleges each and every allegation in paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

31. The requirement that certain foreign citizens register and pay an annual fee to the Commonwealth of Massachusetts in order to petition a Massachusetts Court prevents those foreign citizens from receiving due process of law.

32. Defendant seeks to enact and enforce a Massachusetts state law that deprives certain foreign citizens of due process of law available to corporate foreign citizens and Massachusetts citizens.

33. Plaintiff is entitled to declaratory and injunctive relief to prevent Defendant from seeking to enforce M.G.L. c. 156C § 54(a).

## COUNT III

The Massachusetts statutory scheme violates the guarantee of
equal protection of the laws in violation of the Fourteenth Amendment

34. Plaintiffs restate and re-allege each and every allegation in Paragraphs 1-30 of this Complaint with the same force and effect as if fully set forth herein

35. M.G.L. c. 156C § 54(a) denies LLCs which are organized under the laws of other states access to the Courts of Massachusetts unless they pay an annual fee to the Secretary of the Commonwealth
36. Massachusetts does not require its citizens, either corporate or natural person, to pay an annual fee to access Massachusetts Courts
37. M.G.L. c. 156C § 54(a) treats certain foreign citizens differently than Massachusetts citizens, and foreign natural person citizens.
38. Defendant seeks to enforce a law that treats certain United States citizens differently than other United States citizens
39. Plaintiff is entitled to declaratory and injunctive relief to prevent Defendant from seeking to enforce M.G.L. c. 156C § 54(a).
40.

### PRAYER FOR RELIEF

WHERFORE, Plaintiff requests that judgment be entered in their favor against Defendant as follows:

1. Declaratory Judgment that G.L. c. 1546C § 54 (a) is unconstitutional;
2. Award Plaintiff their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and
3. Such other relief as this court deems meet and just.

Respectfully Submitted
BoylstonD3 LLC,
By their Attorney

/s/ Marc Osborne_____
Marc Osborne, Esq. BBO: 683300
Law Office of Marc Osborne, Esq.
PO Box 191
Boston, MA 02134
857-245-7466
osborne.marc.e@gmail.com

CERTIFICATE OF SERVICE

I, Marc Osborne, Esq., hereby certify that November 14, 2019 in accordance with Local Rule 15.1 I filed the above Amended Complaint with the Court via ECF filing system which will send electronic service to the parties and substitute parties. I also certify that I will mail a copy of this filed amended complaint upon the substitute defendant on November 15, 2019.

/s/ Marc Osborne
Marc Osborne, Esq.