United States District Court
District of Massachusetts

| | |
|---|---|
| BoylstonD3 LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Boylston Brookline LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. <br> 19-11489-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of a Massachusetts Land Court ("Land Court") dispute between BoylstonD3 LLC ("Boylston D3" or "plaintiff") and Boylston Brookline LLC ("Boylston Brookline" or defendant"). Plaintiff seeks a declaration that Massachusetts General Laws, Chapter 156C, § 54 is unconstitutional. Before this Court is plaintiff's motion to amend its complaint and defendant's motion to dismiss. With slight adjustments and for the following reasons, both motions will be allowed.

## I. Background

### A. The Parties

Plaintiff is an LLC organized under the laws of Minnesota which owns property in Brookline, Massachusetts. Defendant is an LLC organized under the laws of Massachusetts with its principal place of business within the Commonwealth.

B. **The Initial Dispute**

In May, 2019, defendant received a special permit from the Brookline, Massachusetts Zoning Board of Appeals to develop a parcel of land that abuts plaintiff's property.  Plaintiff petitioned the Land Court for judicial review of the Zoning Board's decision.  In June, 2019, defendant filed a motion to dismiss in the Land Court, citing plaintiff's failure to pay the required annual fee under M.G.L. c. 156C, § 54. Thereafter, plaintiff registered with the Secretary of State and paid the requisite fee.  In September, 2019, the Land Court denied defendant's motion and allowed plaintiff to proceed with its appeal.

Plaintiff seeks a declaratory judgment that M.G.L. c. 156c, § 54 is unconstitutional.  Massachusetts law requires out-of-state corporations to register and pay an annual fee of $500 in order to do business within the Commonwealth.  If an out-of-state corporation fails to register, pursuant to § 54, the Commonwealth can fine it and bar its access to state courts, with some exceptions.

Plaintiff's initial complaint alleges that the registration and fee requirement imposed on out-of-state corporations violates the Fourteenth Amendment's Privileges and Immunities

Clause, the Equal Protection Clause and the guarantee of Due Process.

## II. **Plaintiff's Motion to Amend and Substitute Parties**

Plaintiff requests leave to amend its complaint and to add the Secretary of the Commonwealth as a defendant.  Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its complaint with the court's leave and provides that "[t]he court should freely give leave when justice so requires."  Because the plaintiff challenges the constitutionality of a state statute, it submits that the Massachusetts Secretary of State is a proper defendant and seeks leave to amend its complaint to add the Secretary as a defendant.  It does not specifically move to dismiss its claim against Boylston Brookline.  Plaintiff will be allowed to amend its complaint to add the Secretary as a defendant and, for the reasons that follow, the claims against Boylston Brookline will be dismissed.

## III. **Defendant's Motion to Dismiss**

Article III contains certain restrictions with respect to cases properly brought before federal courts.  A federal court may hear only cases and controversies in which 1) the plaintiff has suffered (or will suffer) an articulable injury, 2) the injury is fairly traceable to the defendant's conduct and 3) it is likely the injury will be redressed by a favorable decision. See e.g. Bennet v. Spear, 520 U.S. 154, 167 (1997).  Here, there

-4-

is no causal connection between the alleged constitutional injury and the conduct of Boylston Brookline.  Plaintiff has been allowed to continue with its case in the Land Court and has paid the filing fee required by M.G.L. c. 156c, § 54.  It acknowledges that no case or controversy exists between it and the original defendant with respect to the constitutionality of the subject statute.  Defendant's motion to dismiss will, therefore be allowed.

## ORDER

1) The motion of Boylston Brookline LLC to dismiss (Docket No. 11) is **ALLOWED;**

2) the motion of BoylstonD3 to amend its complaint to add the Secretary of the Commonwealth as a defendant (Docket No. 16) is **ALLOWED;**

3) all claims against the original defendant, Boylston Brookline LLC, are **DISMISSED**; and

4) The new defendant, the Secretary of the Commonwealth of Massachusetts, (whose counsel has already entered an appearance per Docket No. 20), is directed to file responsive pleadings within 14 days after the plaintiff files its amended complaint naming the Secretary as the sole defendant.

**So ordered.**

                                                   /s/ Nathaniel M. Gorton
                                                   Nathaniel M. Gorton
                                                   United States District Judge

Dated December 16, 2019