**United States District Court**
**District of Massachusetts**

```
─────────────────────────────
                              )
BOYLSTOND3 LLC,               )
                              )
         Plaintiff,           )
                              )
      v.                      )
                              )   Civil Action No.
WILLIAM F. GALVIN, in his official )   19-11489-NMG
capacity as Massachusetts     )
Secretary of the Commonwealth )
                              )
         Defendant.           )
                              )
─────────────────────────────
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a facial challenge to the constitutionality of Massachusetts General Laws, Chapter 156C, Section 54 ("M.G.L. c. 156C, § 54"), a statute that requires out-of-state (or "foreign") limited liability companies ("LLCs") to register with the Commonwealth of Massachusetts ("the Commonwealth") and to pay a $500 fee in order to, inter alia, prosecute suits in Massachusetts state courts.

Before this Court are the motions for judgment on the pleadings (Docket Nos. 26 and 34) filed respectively by plaintiff BoylstonD3 LLC ("BoylstonD3" or "plaintiff") and defendant William F. Galvin, the Secretary of the Commonwealth of Massachusetts ("the Secretary" or "defendant").  For the

- 1 -

reasons that follow, plaintiff's motion will be denied and defendant's motion will be allowed.

## I. The Parties

Plaintiff is an LLC which is organized under the laws of Minnesota and which owns property in Brookline, Massachusetts. Defendant is the Secretary of the Commonwealth and is responsible for administering the statutory scheme governing LLCs, Chapter 156C of the Massachusetts General Laws. See M.G.L. c. 156C, § 49.

## II.  Background

In May, 2019, Boylston Brookline LLC ("Boylston Brookline") received a special use permit from the Town of Brookline (Massachusetts) Zoning Board of Appeals to develop a parcel of land that abuts plaintiff's property.  Plaintiff, which had neither registered with the Commonwealth nor paid the requisite annual fee, subsequently petitioned the Massachusetts Land Court ("Land Court") for judicial review of the Zoning Board's decision.

In June, 2019, Boylston Brookline filed a motion to dismiss the Land Court case, citing plaintiff's failure to pay the required annual fee pursuant to M.G.L. c. 156C, § 54. Thereafter, plaintiff registered with the Secretary and paid the requisite fee, causing the Land Court to deny, as moot, Boylston Brookline's motion to dismiss and to allow plaintiff to proceed.

In July, 2019, plaintiff brought this action against
Boylston Brookline seeking a declaratory judgment that M.G.L. c.
156C, § 54 is unconstitutional as violative of the clauses of
the Fourteenth Amendment having to do with privileges and
immunities, equal protection and due process.  In December,
2019, this Court dismissed the claims against Boylston Brookline
on the grounds that there was no causal connection between the
conduct of that entity and the alleged constitutional injury
(see Docket No. 21).  In that same Order, the Court allowed
plaintiff to amend its complaint to add the Secretary as a
defendant.

**III. Motions for Judgment as a Matter of Law**

    **A. Legal Standard**

Although a motion for judgment on the pleadings pursuant to
Fed. R. Civ. P. 12(c) considers the factual allegations in both
the complaint and the answer, it is governed by the same
standard as a Rule 12(b)(6) motion to dismiss. See Perez-Acevedo
v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  To survive
such a motion, the subject pleading must contain sufficient
factual matter to state a claim for relief that is actionable as
a matter of law and "plausible on its face." Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007)).

For a claim to be facially plausible, the pleadings must show "more than a sheer possibility that a defendant has acted unlawfully." Id.  A plaintiff cannot merely restate the defendant's potential liability and the court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id.

In considering the merits of such a motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the favor of the nonmoving party. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).  The Court may also consider documents if 1) the parties do not dispute their authenticity, 2) they are "central to the plaintiffs' claim" or 3) they are "sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

**B. Plaintiff's Arguments**

BoylstonD3 asserts that M.G.L. c. 156C, § 54 infringes upon the rights of foreign LLCs not registered in the Commonwealth to petition Massachusetts state courts because 1) such unregistered foreign LLCs are similarly situated to registered domestic and foreign LLCs but 2) only unregistered foreign LLCs are denied the opportunity to sue in Massachusetts state courts to enforce their interests in contracts and property.  That disparity,

- 4 -

BoylstonD3 contends, denies unregistered foreign LLCs equal
protection of the law and due process of law.

Specifically, plaintiff submits that such unequal treatment
fails to satisfy strict scrutiny, which plaintiff insists
applies because the statute allegedly 1) deprives unregistered
foreign LLCs of the fundamental right to petition courts and
2) treats unregistered foreign LLCs, as "alien corporate
entit[ies]," differently than registered foreign and domestic
LLCs.  Plaintiff also submits that, in the alternative, the
statutory scheme fails to satisfy rational basis review, arguing
that preventing unregistered LLCs from suing in Massachusetts
state courts is not rationally related to the legitimate
governmental interests of regulating foreign LLCs and/or
protecting Massachusetts citizens.

### C. Defendant's Arguments

Defendant contends that BoylstonD3 abandoned Counts I and
II by not advancing arguments to affirm them in its memorandum
in support of its motion (Docket No. 27) and thus only addresses
Count III.  Nevertheless, as discussed below, the Court finds
that neither Count I nor Count II states a claim for relief.

Defendant submits that unregistered foreign LLCs suffer no
greater impairment of their right to petition Massachusetts
state courts than an unregistered domestic LLC which also cannot
conduct business in the Commonwealth.  The Secretary adds that

the Massachusetts statutory scheme requires all LLCs, domestic
and foreign, to register with his office and pay $500 annual
fees in order to avail themselves of access to Massachusetts
state courts.

The Secretary acknowledges that domestic and foreign LLCs
that fail to comply with the registration requirements face
different consequences but points out that they are less severe
as to the latter.  In particular, when domestic LLCs fail to
register, they lose their status as a separate legal entity,
whereas when foreign LLCs fail to do so, they are simply subject
to a $500 fine and a prohibition against prosecuting suits until
the failure to register has been remedied.

Defendant also persuasively argues that the applicable
statute need only be rationally related to a legitimate
government interest which, in this case, is the reasonable
reimbursement of costs borne by the courts of the Commonwealth
in adjudicating disputes involving LLCs.

### D. Application

#### 1. Privileges or Immunities (Count I)

The Privileges or Immunities Clause of the Fourteenth
Amendment to the United States Constitution

> protects all citizens against abridgement by states of
> rights of national citizenship . . .

<u>Madden</u> v. <u>Commonwealth of Kentucky</u>, 309 U.S. 83, 90-91 (1940).
One such right is the right of all citizens to "petition the
Government for a redress of grievances," as guaranteed by the
First Amendment to the United States Constitution. <u>See</u> U.S.
Const. amend. I; <u>Slaughter-House Cases</u>, 83 U.S. 36, 79 (1872).

The protections of the Privileges or Immunities Clause,
however, extend only to natural persons and not to corporate
entities including LLCs. <u>See</u> <u>Hague</u> v. <u>Comm. For Indus. Org.</u>, 307
U.S. 496, 514 (1939) ("Natural persons, and they alone, are
entitled to the privileges and immunities which Section 1 of the
Fourteenth Amendment secures for 'citizens of the United
States'"); <u>see also</u> <u>Strong</u> v. <u>City of Athens</u>, No. 13-cv-296,
2015 WL 418224, at *6 (E.D. Tenn. Feb. 2, 2015) ("[T]he
Privileges and Immunities Clause of the Fourteenth Amendment
only applies to natural persons and would therefore not apply to
BStrong Enterprises, LLC").  Accordingly, because plaintiff here
is an LLC and not a natural person, it cannot state a claim for
relief under the Privileges or Immunities Clause.  For that
reason, the Court will grant judgment on the pleadings in favor
of defendant on Count I.

## 2. Due Process (Count II)

Stating a valid claim for a deprivation of procedural due
process requires the plaintiff 1) to identify a protected
liberty or property interest and 2) to allege that the defendant

deprived the plaintiff of that interest without constitutionally adequate process. <u>Gonzalez-Droz</u> v. <u>Gonzalez-Colon</u>, 660 F.3d 1, 13 (1st Cir. 2011).  In alleging that the defendant deprived plaintiff of constitutionally adequate process, plaintiff must plead that the defendant did so while acting under color of state law. <u>Id.</u>

Constitutionally adequate process is provided if the government has afforded the plaintiff notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." <u>Amsden</u> v. <u>Moran</u>, 904 F.2d 748, 753 (1st Cir. 1990) (quoting <u>Armstrong</u> v. <u>Manzo</u>, 380 U.S. 545, 552 (1965)).  Such process seldom requires the government to ensure access to the courts by prospective plaintiffs, however, because

> resort to the courts is not usually the only available, legitimate means of resolving private disputes.

<u>See</u> <u>Boddie</u> v. <u>Connecticut</u>, 401 U.S. 371, 375 (1971).

Accordingly, the imposition fees to compensate for court access seldom violates due process and has been found to violate it only when the fees bar a prospective, indigent plaintiff from accessing the only means available to protect important interests.  <u>Compare</u> <u>Boddie</u>, 401 U.S. at 375-77 (holding that the filing fee imposed on indigent plaintiffs seeking divorce violated due process because "the state courts [was] the only avenue" to obtain a divorce and the plaintiffs could not afford

the fees) <u>with</u> <u>United States</u> v. <u>Kras</u>, 409 U.S. 434, 443-46
(1973) (upholding the filing fee imposed on an indigent debtor
in bankruptcy court because bankruptcy was not the exclusive
means available for relief and the "[g]overnment's role with
respect to the private commercial relationship is qualitatively
and quantitatively different from its role in the . . .
dissolution of marriage.").

Here, plaintiff fails to state a claim for relief under the
Due Process Clause because it has not plausibly pled that 1) the
Secretary has deprived it of any property (or other protected
interest) without due process of the law or 2) the registration
and payment requirements under M.G.L. c. 156C, § 54 has deprived
it of any right to access the courts.[1]

First, under the subject statute, plaintiff is afforded
constitutionally adequate process to protect its contractual and
property interests because the statute provides unregistered
foreign LLCs the opportunity to defend any action filed against
them in Massachusetts state courts.  The statute, therefore,
affords plaintiff the requisite opportunity to be heard before

---

[1] To the extent plaintiff's allegations in Count II are construed
as alleging a substantive due process violation, it likewise
fails to state a claim because requiring a company to pay a $500
fee in order to access state courts is in no way "so egregious
as to shock the conscience." <u>Gianfrancesco</u> v. <u>Town of Wrentham</u>,
712 F.3d 634, 639 (1st Cir. 2013).

the government (or any other entity for that matter) can interfere with its contracts or deprive it of its property.

Second, due process does not require that BoylstonD3 be afforded access to Massachusetts state courts as a prospective plaintiff because it has other legitimate means available to resolve its contractual and property disputes, including federal court, private mediation and negotiated agreements. See M.G.L. c. 156C, § 54 (barring unregistered LLCs from accessing only state courts); compare Kras, 409 U.S. 445-46 (reasoning that "[r]esort to the court" was not the only means to relief available to a debtor because he could "adjust his debts by negotiated agreement with his creditors") with Boddie, 401 U.S. at 376 (explaining that "resort to the court" was the plaintiffs' only means to relief because they could not dissolve their marriages "without invoking the State's judicial machinery").

In any event, plaintiff has not alleged that it cannot afford the $500 registration fee and has, therefore, not been deprived of any right of access to the courts. Cf. Cox v. State of New Hampshire, 312 U.S. 569, 574-77 (1941) (finding as constitutional a municipal ordinance that required protestors to obtain a license and pay a fee). Indeed, plaintiff did ultimately register with the Commonwealth and pay the $500 fee and, thereafter, was permitted to proceed in the Massachusetts

Land Court.  Accordingly, defendant is entitled to a judgment on the pleadings with respect to Count II.

### 3. Equal Protection (Count III)

The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated . . . be treated alike." Rocket Learning, Inc. v. Rivera-Sanchez, 715 F.3d 1, 10 (1st Cir. 2013) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)).  Unless a fundamental right or a suspect classification is at issue,

> courts will uphold legislation that provides for differential treatment upon a mere showing of a rational relationship between the disparate treatment and legitimate government objective.

Starlight Sugar, Inc. v. Soto, 253 F.3d 137, 145 (1st Cir. 2001) (citation omitted).

Rational basis review simply requires that there be "any reasonably conceivable set of facts" justifying the disparate treatment. FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313-14 (1993).  Although the Commonwealth of Massachusetts

> may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational

City of Cleburne, 473 U.S. at 446, the basis for the legislation need not be supported by evidence in the record. Beach Commc'ns, 508 U.S. at 315.

Here, M.G.L. c. 156C, § 54 is subject to rational basis
review because 1) plaintiff, as an out-of-state LLC, is not a
member of a suspect class and 2) regardless of whether the right
to petition the courts is fundamental, as previously explained,
plaintiff has not been deprived of that right.  For the reasons
that follow, the Court finds that the statute survives such
review.

Accepting as true plaintiff's allegations that unregistered
foreign LLCs are similarly situated to registered foreign and
domestic LLCs, plaintiff has nevertheless failed to negate the
purported justification for the enactment of M.G.L. c. 156C, §
54. See Beach Commc'ns, 508 U.S. at 315 (placing the burden on
plaintiffs to refute every possible legitimate basis for the
subject legislation).  For instance, defendant contends that one
objective in requiring LLCs to pay an annual fee before being
granted access to state courts is to

> defray costs borne by the Commonwealth's courts in
> adjudicating disputes involving LLCs.

Defraying public costs is certainly a legitimate government
objective, which plaintiff implicitly acknowledges in noting
that "Massachusetts citizens . . . incur the expenses of
litigation" when unregistered LLCs are parties to a litigation
in Massachusetts state courts. See LCM Enterprises, Inc. v. Town
of Dartmouth, 14 F.3d 675, 680-83 (finding that the equitable

- 12 -

distribution of public costs is a legitimate governmental interest).

Furthermore, the attendant rule limiting court access to LLCs that have paid the requisite fee and, therefore, have helped to defray court costs is rationally related to that objective because it incentivizes LLCs to pay the fee, thereby distributing the burden of funding the courts more equitably. Because the subject statute is rationally related to a legitimate government objective, the Court will also grant defendant judgment on the pleadings with respect to Count III.

### ORDER

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 26) is **DENIED** and defendant's cross-motion for judgment on the pleadings (Docket No. 34) is **ALLOWED**. Accordingly, plaintiff's complaint is hereby **DISMISSED**.

**So ordered.**

\s\ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 22, 2020